IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GYNETH MARIE N., | ) |
|     Plaintiff, | ) No. 20 C 3233 |
| v. | ) Magistrate Judge M. David Weisman |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Gyneth Marie N. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On July 14, 2016, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 14-26, 85, 97.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 16.) At step two, the ALJ determined that plaintiff had the severe impairments of "obesity, depression, anxiety, degenerative disc disease with radiculopathy, and dysfunction of the left knee status post-surgical intervention." (*Id.*) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 17.) At step four, the

2

ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform light work with certain exceptions, and thus she is not disabled. (R. 19-26.)

The ALJ gave "[l]ittle weight" to the opinion of plaintiff's therapist, Wende Pannell, which plaintiff contends was error. (*See* R. 23.) Among other things, Pannell said that plaintiff "cannot satisfactorily perform" the following activities "independently, appropriately, effectively and on a sustained basis in a regular work setting:" (1) maintain attention for a two-hour period; (2) maintain regular attendance and punctuality; (3) complete a normal workday and workweek without interruption from psychological symptoms; (4) perform at a consistent pace without an unreasonable number of rest periods; (5) respond appropriately to changes in work setting; and (6) understand, remember, and carry out detailed instructions. (R. 395-96.) Moreover, Pannell said plaintiff was extremely limited in activities of daily living, maintaining social functioning, and maintaining concentration, persistent or pace and would have four or more episodes of decompensation in a year. (R. 397.)

The ALJ said Pannell's findings:

> [A]re inconsistent with the overall medical evidence of record. For example, the claimant has not been hospitalized nor experienced hallucinations due to her mental impairments. She reported some relief from symptoms with medication. Physician notes provide that there was improvement in her anxiety and depression symptoms as of August 2016. The claimant also refused more advanced mental health care in September 2016. During her consultative examination in October 2016, the claimant's concentration and attention appeared to be within normal limits, in that she remained on task without re-direction or reminding throughout the examination. . . . Her general fund of knowledge appeared to be grossly intact. The claimant's judgment appeared to be grossly appropriate. . . . [Thus,] the evidence suggests that the claimant is less limited than [Pannell] previously determined.

(R. 23) (citations omitted).

The ALJ's conclusion that Pannell's opinion is inconsistent with the overall medical evidence is based primarily on records from the summer and fall of 2016, a year before Pannell

3

issued her opinion on September 13, 2017 and almost three years before the ALJ rendered his decision. (*See* R. 26, 399.) However, the ALJ fails to address a wealth of contrary evidence that pre- and post-dates Pannell's opinion. (*See, e.g.*, R. 48, 51 (plaintiff testifying that she does not "have the ambition to get dressed," and on some days she does not get up at all); R. 387 (9/29/16 doctor's notes indicating that anxiety and depression medications were not working); R. 500 (8/5/16 doctor's notes stating that depression and anxiety medications "[do not] help much"); R. 514 (6/15/16 doctor's notes saying same); R. 522 (5/4/16 doctor's notes stating same); R. 737 (8/18/17 assessment stating that "[c]lient reports her symptoms include stomach pains from anxiety, loneliness, insomnia, hopelessness, isolation, low self-esteem, lack of internal motivation, racing thoughts and lose [sic] of appetite," "she has not been able to keep a job due [sic] lack of motivation and panic attacks while at work," and "at her recent psychiatric appointment all of her medication dosages were increased due to lack of improvement"); R. 761 (4/3/17 assessment stating that plaintiff "struggles with anxiety, paranoia and depression"); R. 765 (9/21/18 assessment stating that plaintiff "continu[es] to struggle with . . . symptoms of depression and over all mood and still [has] difficulty with being motivated for daily hygiene"); R. 770 (notes of 2/27/18 psychiatric visit stating that plaintiff "does not feel Prozac helps her," [s]leep is poor," [a]ppetite is very poor," [e]nergy is poor," "[n]o motivation"); R. 774 (8/27/18 therapy notes stating that the doctor changed plaintiff's medications and she was now "more depressed, crying and sleeping all the time"); R. 776 (6/19/18 therapy notes stating that plaintiff "feel[s] so down and overwhelmed and . . . [has] no motivation to even take a shower"); R. 778 (notes from 2/27/18 therapy reporting that plaintiff said: "I am feeling so depressed, I am not showering, sleeping or eating."); R. 779 (1/22/18 therapy notes reporting that plaintiff said: "I am so depressed and I can't get up to do anything. I just want to lie around and do nothing."); R. 785 (therapy notes

4

dated 7/25/17 stating: "I am feeling so depressed. . . . I am just feeling awful."); R. 786 (therapy notes dated 6/27/17: "I am feeling angry, alone and overwhelmed."); R. 787 (therapy notes dated 5/31/17 stating: "I am feeling very stressed now that I have a whole new bunch of people in my house and they are all problematic."); R. 794 (therapy notes dated 10/17/16 stating: "I am so depressed and in so much pain.").) Though "[a]n ALJ need not mention every piece of medical evidence in her opinion, . . . she cannot ignore a line of evidence contrary to her conclusion." *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). That is precisely what the ALJ did here. Thus, the case must be remanded for a reassessment of the medical evidence.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, grants plaintiff's motion for summary judgment [20], denies the Commissioner's motion for summary judgment [24], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Order.

**SO ORDERED.**                                **ENTERED:  April 15, 2021**

**M. David Weisman**
**United States Magistrate Judge**